SAMUEL CUMMINGS *v.* B. HOMANS & CO.

Attachment—Preference of Creditors.

> The securing of a creditor, who is not a party to any scheme by a debtor to prefer creditors, and where both parties show an honest intent, not grounds for an attachment.

APPEAL FROM CAMPBELL CIRCUIT COURT.

September 29, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Homans, a banker, doing business in Cincinnati, and residing in Campbell county, Kentucky, failed in business on the 26th of August, 1869. On that day this action was brought by Cummings in the Campbell circuit court to recover a balance of $3,846.35 on a deficit account, and an order of attachment was sued out on the ground that Homans was about to sell, convey or otherwise dispose of his property with the fraudulent intent to hinder or delay his creditors. On the 30th day of August, Cummings filed an additional affidavit setting up the further ground of attachment, that Homans had left the county of his residence to avoid the service of summons, and on the 10th of September still another affidavit was filed alleging that Homans *had* disposed of his property with the fraudulent intent to cheat, hinder and delay his creditors.

No defense was made to the action and judgment for the amount claimed was accordingly rendered. Homans, however, by the proper affidavit denied all three of the grounds of attachment and upon hearing the court discharged the order and from this judgment Cummings prosecutes this appeal. It appears that a short time before his failure Homans set apart certain notes to a ladies' sewing society which had a few hundred dollars deposited with him and that upon the day he suspended business he delivered to two certain banking houses in Cincinnati, securities sufficient to indemnify them on account of accommodations received from them on the day before. It is not pretended that the debts thus paid or secured did not in point of fact exist; nor

that the securities were delivered by Homans to his creditors in pursuance of any fraudulent agreement or understanding with them, and as preferring one honest creditor to another has never been deemed a fraudulent disposition of property within the meaning of those provisions of the Civil Code of Practice, authorizing attachments upon such ground. This court is of opinion that the evidence does not sustain either the first or third ground relied upon.

The charge that Homans had left the county of his residence to avoid the service of summons was not sustained by proof of his absence from home at the time the officer called at his house, especially when it is considered that on the day after the institution of the action he was in Campbell county and the summons is executed.

Wherefore the judgment of the court below discharging the order of attachment is *affirmed*.

*Hallam, for appellant.*

*Stevenson & Myers, for appellee.*